UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Jomo Cole,<br><br>              Plaintiff,<br><br>       -against-<br><br>Angel Reynoso, in his individual capacity; Undercover Detective 0014, in his individual capacity; Stewart Wallace, in his individual capacity; Brendan Duffy, in his individual capacity;<br><br>          Defendants | ECF CASE<br><br>COMPLAINT AND DEMAND FOR JURY TRIAL<br><br>14 Civ. 5405 (LGS) (RLE) |

## PRELIMINARY STATEMENT

1.      This is an action for money damages brought pursuant to the Civil Rights Act of 1871, 42 U.S.C. §1983 for the Defendants' commissions of acts under color of law in violation of Plaintiff's rights under the Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States.

## JURISDICTION

2.      This action arises under the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. §§ 1983 and 1988.

3.      Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343.

## VENUE

4.      Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) in that, *inter alia*, the events giving rise to the claim occurred in the Southern District of New York.

**JURY DEMAND**

5.      The Plaintiff demands a trial by jury on each and every one of his claims as pled herein.

**PARTIES**

6.      Plaintiff Jomo Cole is a resident of the Bronx, New York.

7.      At all relevant times herein, defendants Angel Reynoso, Undercover Detective 0014, Stewart Wallace and Brendan Duffy, (collectively, the " Defendants"), were employed by the New York City Police Department ("NYPD") and were each acting in the capacity of agent, servant, and employee of the City of New York (the "City").

8.      At all times relevant herein, Brendan Duffy ("Lieutenant Duffy") held the rank of Lieutenant.

9.      At all times relevant herein, Undercover Detective 0014 ("Undercover 0014") held the rank of Detective.

10.     At all times relevant herein, Stewart Wallace ("Detective Wallace") held the rank of detective.  At the time of Mr. Cole's arrest, Detective Wallace was known as Undercover 0221.

11.     At all times relevant herein, Angel Reynoso ("Officer Reynoso") held the rank of Police Officer.

12.     At all times relevant herein, the Defendants were acting under color of state law in the course and scope of their duties and functions as agents, servants, employees and officers of the City and otherwise performed and engaged in conduct incidental to the

performance of their lawful functions in the course of their duties.  The Defendants were acting for and on behalf of the City at all times relevant herein with the power and authority vested in them as officers, agents and employee of the City and incidental to the lawful pursuit of their duties as officers, employees and agents of the City.

13.     Each of the Defendants is sued in his individual capacity.

### STATEMENT OF FACTS

14.     In the early afternoon of November 20, 2012, plaintiff Jomo Cole was lawfully walking on the sidewalk with his now mother-in-law, Vickie Sproessig, on the north side of Arnow Avenue between Cruger Avenue and White Plains Road in the Allerton section of the Bronx.  He had just left Ms. Sproessig's apartment and was accompanying her to the Met Foods supermarket on White Plains Road between Britton Street and Allerton Avenue to shop for groceries.

15.     Mr. Cole had been visiting Ms. Sproessig's apartment for several hours and had been outside for mere minutes when he was rushed by several police officers, including Officer Reynoso and Lieutenant Duffy, who violently threw him up against a fence and handcuffed him behind his back.

16.     Mr. Cole was then searched by Officer Reynoso and another officer.  As all Mr. Cole had in his possession was his cell phone and his own money, the search did not yield any contraband of any sort.

17.     From the street, Mr. Cole was placed into a police van in which he was driven around while the police made further arrests.  Mr. Cole was eventually brought to the

NYPD's 49th Precinct.

18.     At the precinct, Mr. Cole was subjected to a degrading and humiliating strip search by Officer Reynoso in the presence of other officers in which Mr. Cole was directed to take all his clothes off, squat, spread his buttocks and cough.  Mr. Cole had no choice but to comply with the search.

19.     Neither Officer Reynoso nor any other officer had reasonable suspicion that Mr. Cole had narcotics or any other contraband concealed on his person or his clothing. Instead, the strip search was nothing short of a "fishing expedition" to try to discover evidence.

20.     From the precinct, Mr. Cole was brought by the police to Central Booking in the Bronx.

21.     On November 21, 2012, Mr. Cole was brought before a judge of the Criminal Court and arraigned on a felony complaint (the "Felony Complaint") which charged him with Criminal Sale of a Controlled Substance in the Third Degree (New York Penal Law § 220.39(1)), Criminal Possession of a Controlled Substance in the Third Degree (New York Penal Law § 220.16(1)), both class "B" felonies, and Criminal Possession of a Controlled Substance in the Seventh Degree (New York Penal Law § 220.03), a class "A" misdemeanor. The Felony Complaint alleged that Mr. Cole participated in the sale of a crack cocaine to Undercover 0014.

22.     Mr. Cole did not possess or sell crack cocaine or engage in any other criminal conduct on November 20, 2012.

23.     In the Felony Complaint, Officer Reynoso stated, *inter alia*, that he personally observed that Mr. Cole had "pre-recorded buy money" in his pants pocket.

24.     To the contrary, Mr. Cole did not have any pre-recorded buy money anywhere on his person.

25.     At Mr. Cole's Criminal Court arraignment, bail was set and the matter was adjourned for grand jury action.

26.     Mr. Cole remained incarcerated until January 3, 2013.

27.     At some point prior to his release, Mr. Cole was indicted by a grand jury sitting in Bronx County.

28.     On or about April 1, 2014, after more than a dozen court appearances and nearly three weeks of pre-trial hearings and trial, Mr. Cole was acquitted by a jury of all the charges against him.

29.     Unbeknownst to Mr. Cole at the time of his arrest, on the afternoon thereof the Defendants and several other NYPD officers had been conducting a "buy-and-bust" operation in the vicinity of Arnow Avenue and White Plains Road.

30.     Those officers were members of a field team assigned to the NYPD's Narcotic Borough Bronx.

31.     Lieutenant Duffy was the supervisor and team leader of the field team.

32.     Undercover 0014 and Detective Wallace were the undercover officers. Detective Wallace was acting as the "ghost," whose role it was to observe defendant Undercover 0014 as he engaged in narcotics transactions.

33.     Officer Reynoso was the officer designated as the arresting officer.

34.     After Mr. Cole was arrested, Detective Wallace falsely identified Mr. Cole to Officer Reynoso as one of the people he observed engaged in the sale of narcotics to Undercover 0014.

35.     Detective Wallace knew that Mr. Cole was not the individual he observed participating in the sale of narcotics and/or that he did not have sufficient knowledge to positively identify him as such.

36.     As the arresting officer, Officer Reynoso prepared the police reports relating to Mr. Cole's arrest.

37.      In preparing those reports, Officer Reynoso repeatedly falsified information relating to the facts and circumstances surrounding Mr. Cole's arrest, including a false claim that he had recovered pre-recorded buy money from Mr. Cole's pants pocket.

38.     Those reports were forwarded to one or more prosecutors at the Bronx County District Attorney's office.

39.     On information and belief, Officer Reynoso and other of the Defendants spoke to one or more prosecutor at the Bronx County District Attorney's office and falsely informed them that Mr. Cole was engaged in the sale of narcotics to Undercover 0014 and that pre-recorded buy money was found on his person.

40.     Notwithstanding the fact that Mr. Cole was acquitted of the charges against him, both the identification of Mr. Cole as a person involved in the sale of narcotics to an undercover officer and the allegation that pre-recorded buy money was found on him would

be likely to influence a trial jury's decision to convict him.

41.    Officer Reynoso, Detective Wallace and Undercover 0014 repeatedly gave perjurious and misleading testimony before the grand jury that indicted Mr. Cole and the trial jury that ultimately acquitted him.

42.    As a result of the Defendants' actions, Mr. Cole suffered a depravation of his liberty, as more particularly set forth in paragraphs 27 and 29 above.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### False Arrest under 42 U.S.C. § 1983
### Against all the Defendants

43.    All other paragraphs herein are incorporated by reference as though fully set forth.

44.    By intentionally confining, arresting, imprisoning and detaining Plaintiff without probable cause, privilege or consent, the Defendants engaged under color of law in the violation of Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983 to be free from unreasonable seizures, false arrest and imprisonment.

### SECOND CAUSE OF ACTION
### Unlawful Search under 42 U.S.C. § 1983
### Against the Defendant Reynoso

45.    All other paragraphs herein are incorporated by reference as though fully set forth.

46.    By strip searching and performing a visual body cavity search of Plaintiff in

the absence of any individualized reasonable suspicion Plaintiff was concealing weapons or contraband, Officer Reynoso engaged under color of law in the violation of Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983 to be free from unreasonable searches.

### THIRD CAUSE OF ACTION
### Malicious Prosecution under 42 U.S.C. § 1983
### Against all the Defendants

47.     All other paragraphs herein are incorporated by reference as though fully set forth.

48.     In initiating the criminal proceedings against Plaintiff with malice and without probable cause to believe the proceeding, which were terminated in Plaintiff's favor, could succeed,  the Defendants engaged under color of law in the violation of Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983 to be free from malicious prosecution.

### FOURTH CAUSE OF ACTION
### Denial of Right to a Fair Trial under 42 U.S.C. § 1983
### Against all the Defendants

49.     All other paragraphs herein are incorporated by reference as though fully set forth.

50.     By providing false information and/or evidence to the New York County District Attorney's office that was likely to influence a jury's decision, the Defendants engaged under color of law in the violation of Plaintiff's right to a fair trial under the Fifth, Sixth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983.

WHEREFORE, the plaintiff requests that this Court:

1.      Assume jurisdiction over this matter;

2.      Award compensatory and punitive damages to Plaintiff against the Defendants,

jointly and severally;

3.      Award Plaintiff reasonable costs, disbursements and attorneys fees; and

4.      Grant any other relief the Court deems appropriate.

Dated: New York, New York
        July 17, 2014


                            Respectfully submitted,

                            Darius Wadia, L.L.C.


                            /s/
                            _____
                            By:  Darius Wadia (Bar number DW8679)
                            Attorney for Plaintiff
                            233 Broadway, Suite 2208
                            New York, New York  10279
                            dwadia@wadialaw.com
                            (212) 233-1212